UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

SPRINGFIELD TERMINAL RAILWAY COMPANY )
)
Petitioner, )
)
)
)
) C.A. No.
v. )
)
)
)
UNITED STATES SURFACE TRANSPORTATION BOARD )
and THE UNITED STATES OF AMERICA, )
)
Respondents. )

---

**04-12705 RGS**

RECEIPT # 111039
AMOUNT $ 150.00
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M.P.
DATE 12/27/04

MAGISTRATE JUDGE _____

PETITION FOR REVIEW

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1336(b) and 5 U.S.C. § 702. Venue is proper pursuant to 28 U.S.C. § 1398(b).

### II. NATURE OF ACTION

2. On November 14, 2001, Engelhard Corporation ("Engelhard") the Plaintiff in the underlying action before this Court (Civil Action No. 01-10829-RGS) filed an amended complaint asserting one federal cause of action and four state law causes of action to recover car mileage payments allegedly due from Defendant/Petitioner Springfield

Terminal Railway Company ("Springfield") and/or Defendant Consolidated Rail Corporation ("Conrail").

3. In response to motions by Springfield and Conrail to dismiss the underlying complaint, on April 2, 2002 this Court issued a Memorandum and Order that found: (a) Engelhard's state law claims to be preempted by 49 U.S.C. §10501(b); and (b) that Englehard's federal claim is subject to a two year statute of limitations pursuant to 49 U.S.C. § 11705(c).

4. To address the remaining issues raised by the amended complaint and the motions to dismiss, on May 22, 2002 this Court referred two issues to the Surface Transportation Board ("STB") under the doctrine of primary jurisdiction. A copy of the Court's referral order is annexed hereto as Exhibit A.

5. The issues referred to the STB were: (a) when a cause of action arises involving a disputed failure to pay Tariff 6007 car mileage allowances; and (b) whether a railroad is obligated to pay compensation under Tariff 6007 only to the owner of a car's reporting mark, or does Item 180 of such tariff permit the owner of the mark to assign the right to payment to a lessee of a car?

6. On September 27, 2004, the STB served a declaratory order ("STB Order") in response to this Court's referral order (attached hereto as Exhibit B).

7. The STB Order found that pursuant to Tariff 6007:

"...a cause of action involving a disputed failure to pay car mileage allowances arises when the private car owner is informed that it will not receive compensation for its car movement or 4 months from the date the claim was submitted, whichever occurs first, if the private car owner takes no additional action. If the private car owner timely resubmits its claim to the railroad, the cause of action arises when the private car owner time resubmits its claim to the

railroad, the cause of action arises when the private car owner is notified of the railroad's action on the resubmitted claim or the period for the railroad to reply has expired, whichever occurs first."

### III. STANDARD OF REVIEW

8. Springfield repeats and re-alleges paragraphs one through seven of this Petition.

9. Pursuant to 28 U.S.C. 1336(b), a District Court which refers a matter to the STB has jurisdiction to review and set aside any orders issued by the STB.

10. Pursuant to 5 U.S.C. § 706, a reviewing Court may hold unlawful and set aside agency actions, findings and conclusions that are found to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, in excess of statutory jurisdiction, authority, or limitations or short of statutory right, or unsupported by substantial evidence.

### IV. PRAYER FOR RELIEF

11. Springfield repeats and re-alleges paragraphs one through ten of this Petition.

12. The decision of the STB establishing the accrual date for a cause of action involving a disputed failure to pay car mileage allowances pursuant to Tariff 6007 and permitting the assignment of the right to payment of car mileage allowances pursuant to Tariff 6007 was arbitrary, capricious, an abuse of discretion, not in accordance with law, in excess of the STB's statutory jurisdiction, authority or limitations and unsupported by substantial evidence. WHEREFORE, this Court should

(1)  hold unlawful, set aside, and annul the STB Order;

(2) find that a cause of action involving a disputed failure to pay car mileage allowances arises on the date of delivery or tender of delivery by a rail carrier pursuant to

49 U.S.C. § 11705(g) and that the assignment of the right to payment pursuant to Tariff 6007 is barred by Item 180 of that tariff;

    (3)    award Springfield its costs, including reasonable attorneys' fees; and

    (4)    award Springfield such other and further relief as may be just and proper.

Respectfully submitted.

/s/ Robert B. Culliford

Robert B. Culliford (BBO# 638468)
Iron Horse Park
North Billerica, MA 01862
(978) 663-1029

Eric L. Hirschhorn
Winston & Strawn L.L.P.
1400 L Street, N.W.
Washington, D.C. 20005
(202) 371-5706

## CORPORATE DISCLOSURE STATEMENT

Petitioner, Springfield Terminal Railway Company is a wholly-owned subsidiary of Guilford Transportation Industries, Inc. ("Guilford"), which is privately owned and has no parent corporation. Accordingly, no public company owns ten percent (10%) or more of the stock of the Petitioner or Guilford.

Dated: December 27, 2004

Respectfully submitted,

Robert B. Culliford
BBO #638468
Iron Horse Park
North Billerica, MA 01862
(978) 663-1029
rculliford@guilfordrail.com

*Attorney for Petitioner*
*Springfield Terminal Railway Company*

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NUMBER 01-10829-RGS

ENGELHARD CORPORATION, A
DELAWARE CORPORATION

v.

SPRINGFIELD TERMINAL RAILWAY CO., INC., A
VERMONT CORPORATION AND CONSOLIDATED RAIL
CORPORATION, A PENNSYLVANIA CORPORATION

MEMORANDUM AND ORDER ON THE PARTIES'
PROPOSED ORDERS OF REFERENCE TO
THE SURFACE TRANSPORTATION BOARD

May 22, 2002

STEARNS, D.J.

Upon review of the parties' submissions, the court will ADOPT the Order proposed by defendants Springfield Terminal and Consolidated Rail Corp. as a faithful reflection of the issues identified in the court's April 2, 2002 opinion. Plaintiff Engelhard's proposed order in essence asks the Surface Transportation Board to redetermine matters already decided adversely to Engelhard by this court, or to opine on issues outside of its competence.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENGELHARD CORPORATION, a Delaware Corporation,<br><br>Plaintiff<br><br>vs.<br><br>SPRINGFIELD TERMINAL RAILWAY CO., INC., a Vermont Corporation and CONSOLIDATED RAIL CORPORATION, a Pennsylvania Corporation<br><br>Defendants. | Civil Action No. C.A. 01-10829-RGS |

## ORDER

It is hereby **ORDERED** as follows:

1. Pursuant to the Memorandum and Order of this Court dated April 2, 2002, and this Court's April 19, 2002 Order, the following questions are referred to the Surface Transportation Board:

    (a) Does a cause of action involving a disputed failure to pay car mileage allowances under Tariff 6007 arise one month and ten days after the end of the month in which the obligation is incurred, or four months after the date on which a railroad refuses to pay or act on a claim, or on the occurrence of some other date or event?

    (b) Is a railroad obligated to pay compensation under Tariff 6007 only to the owner of a car's reporting mark, or does Item 180 of such tariff permit the owner of the mark to assign the right to payment to a lessee of a car?

2. The plaintiff shall take such action as is necessary to institute the declaratory order proceeding before the Surface Transportation Board.

3. All proceedings in this action are stayed pending the action of the Surface Transportation Board on such referral.

4. The Clerk is directed to transmit a certified copy of this order to the Secretary of the Surface Transportation Board, with copies to counsel for the parties.

/s/ Richard G. Stearns
RICHARD G. STEARNS
United States District Judge

Dated at Boston, Massachusetts this 22d day of May, 2002

# Exhibit B

33648                    SERVICE DATE - SEPTEMBER 27, 2004
EB

SURFACE TRANSPORTATION BOARD

DECISION

STB Docket No. 42075

ENGELHARD CORPORATION — PETITION FOR DECLARATORY ORDER —
SPRINGFIELD TERMINAL RAILWAY COMPANY AND CONSOLIDATED RAIL
CORPORATION

Decided: September 24, 2004

This matter involves two questions that were referred to the Board by the United States District Court for the District of Massachusetts by order dated May 22, 2002, in Engelhard Corp. v. Springfield Terminal Ry. and Consolidated Rail Corp., Civil Action No. 01-10829-RGS. The Board instituted a declaratory order proceeding on April 1, 2003, to address the following questions concerning Freight Tariff RIC 6007-L, "Mileage Allowances and Rules Governing the Handling of and the Payment of Mileage also Charges on Cars of Private Ownership" (Tariff 6007), the most recent version of industry-wide mileage allowance provisions applicable to privately owned tank cars:

(a) Does a cause of action involving a disputed failure to pay car mileage allowances under Tariff 6007 arise 1 month and 10 days after the end of the month in which the obligation is incurred, or 4 months after the date on which a railroad refuses to pay or act on a claim, or on the occurrence of some other date or event?

(b) Is a railroad obligated to pay compensation under Tariff 6007 only to the owner of a car's reporting mark, or does Item 180 of such tariff permit the owner of the mark to assign the right to payment to a lessee of a car?

PRELIMINARY PROCEDURAL MATTER

Engelhard Corporation (Engelhard) filed its opening statement on May 16, 2003. On June 30, 2003, Consolidated Rail Corporation (Conrail) and Springfield Terminal Railway Company (Springfield Terminal) (jointly, Defendants) each filed a reply. Engelhard filed its rebuttal on July 30, 2003.

On August 18 and August 20, 2003, Springfield Terminal and Conrail each filed requests to reply to Engelhard's rebuttal. On August 22, 2003, Engelhard filed a letter with the Board opposing Springfield Terminal's and Conrail's requests as impermissible replies to a reply. Under the Board's rules at 49 CFR 1112.2, a reply to a rebuttal is not permitted. Therefore, the Defendants' requests will be denied.

STB Docket No. 42075

## BACKGROUND

Engelhard supplies kaolin clay mined in Georgia to customers engaged in paper manufacturing at facilities located in the northeastern United States. Engelhard's customers arrange and pay for the rail transportation of the kaolin clay, and Engelhard supplies private rail equipment, including tank, hopper, and sparger cars that it owns or leases. With respect to the tank cars, the railroads compensate Engelhard for use of its owned or leased tank cars based on private car mileage allowances published in Tariff 6007, which contains the national allowance system for privately owned tank cars. Both Defendants are signatories to Tariff 6007.

The dispute before the district court involves the non-payment of car mileage allowances for movement of privately owned tank cars over a 155-mile line of railroad (the Line Segment) between Selkirk, NY, and Barber, MA. The Line Segment is a relatively short, intermediate portion of the much longer route that Engelhard's cars take in their rail journey from the Georgia origin of the kaolin clay to the customers' facilities throughout the Northeast. Apparently, mileage allowance payments have been made for miles traveled by the cars from Georgia to reach the beginning of the Line Segment at Selkirk, and also payments have been made for miles traveled after leaving the Line Segment at Barber to the destinations. But for the travel of Engelhard's cars over the 155-mile-long Line Segment itself, proper mileage allowance payments apparently have not been made in many cases. The amount in dispute in the court case exceeds half a million dollars. Engelhard Court Decision, 193 F. Supp.2d at 387.

Conrail owns the Line Segment. Since 1990, operations over it have been governed by a haulage agreement between Conrail and Springfield Terminal which, among other things, designated Barber, MA, as the interchange point between Conrail and Springfield Terminal. The two railroads apparently disagree on which of them is responsible under the terms of the haulage agreement for paying mileage allowances for movements of Engelhard's cars over the Line Segment. According to Engelhard, with respect to movements over the Line Segment, Conrail has refused to pay any mileage allowances, while Springfield Terminal has paid mileage allowances for some movements but not for others.

Engelhard filed its original complaint in the district court on May 15, 2001, and amended it on November 14, 2001. Conrail and Springfield Terminal filed a motion to dismiss mileage claims they viewed as time-barred, and claims based on state law. On April 2, 2002, the district court issued a decision, Engelhard Corp. v. Springfield Terminal Ry. and Consolidated Rail Corp., 193 F. Supp.2d 395 (D. Mass. 2002) (Engelhard Court Decision), dismissing the state law-based claims of the amended complaint as preempted by the Interstate Commerce Act (id. at 390), and holding that the 2-

year statute of limitations of 49 U.S.C. 11705(c)[1] applied to Engelhard's federal claims under the Interstate Commerce Act (id. at 390-91). Additionally, the court found that the two issues set forth above come within the primary jurisdiction of the Board and therefore should be referred to the Board for determination (id. at 391-92).

## DISCUSSION AND CONCLUSIONS

The court referred to the Board two questions, which will be addressed in turn.

1. When does a cause of action involving a disputed failure to pay car mileage allowances arise?

Tariff 6007 provides a procedure for auditing mileage allowances and submitting claims. Item 182(2)(A) sets forth the time frame in which the private car owner must file its claim for mileage allowance with the railroad when a claim for mileage allowance discrepancies arises.[2] Under Item 182(2)(A), the railroad has 4 months from the date the claim is presented to accept it in whole or in

---

[1] While section 11705(c) refers only to the filing of complaints before the Board, Judge Stearns concluded that its statute of limitations applies to section 11704(b) actions before a federal district court as well, citing Aluminum Ass'n, Inc. v. Atchison, Topeka & S.F. Ry., 746 F. Supp. 207, 213 n.8 (D.D.C. 1990). Engelhard Court Decision, 193 F. Supp.2d at 390.

[2] Tariff 6007, Item 182(2)(A) provides:

> A private car owner must, within twenty-four (24) months from the last day of the month the completed cycle was reported, present any claim for mileage allowance discrepancies, including incorrect rates or omissions, to the applicable rail carrier in the prescribed AAR format, as published in AAR Circular No. OT-3 Series in The Official Railway Equipment Register. Claims not presented in the required format will not be processed. The railroad receiving the claim must within the four (4) months from the date on which the claim was presented allow it in whole or in part, or decline it. The private car owner may reissue its claim, if applicable within four (4) months from the last day of the four (4) months' period allowed the railroad which handled the claim prior to reissuance. The railroad receiving the reissue claim must within four (4) months from the date of [sic] which the reissued claim was presented allow it in whole or in part or decline it. If the railroad fails to handle the original or reissued claim within the prescribed time limits, it will constitute a valid claim as last presented and must be honored by the railroad to which presented. Claim for amounts of $25.00 per car per cycle or less shall not be issued. The $25.00 limit is not applicable where no miles were reported for the railroad cycle.

part or to decline the claim. If the railroad declines or takes no action on the claim within the 4-month period, the private car owner may reissue the claim within 4 months of the last day of the 4-month period that the railroad initially had to handle the claim. The railroad then has 4 months from the date of the reissued claim to take action.

Therefore, under the procedures of Tariff 6007, a cause of action would arise when the private car owner is informed that it will not receive compensation for its car movements or 4 months from the date the claim was submitted, whichever occurs first, if the private car owner takes no additional action. If the private car owner timely resubmits its claim to the railroad, the cause of action arises when the private car owner is notified of the railroad's action on the resubmitted claim or when the period for the railroad to reply has expired, whichever occurs first.

The procedure outlined in Tariff 6007 is similar to our regulatory procedures in 49 CFR 1005 for loss and damage claims under 49 U.S.C. 11706, where our regulations lay out a process for resolving disputes over loss and damage claims before a party brings a formal action. If the statute of limitations began to run prior to the railroad declining the claim, the wronged party could be left without an adequate legal remedy. But a cause of action for loss and damages does not accrue until the railroad declines the claim. See 49 U.S.C. 11706(e); Star-Kist Foods, Inc. v. Chicago, R. I. & Pac. R.R., 586 F. Supp. 252 (N.D. Ill. 1984). Under similar reasoning, in a claim for car hire a cause of action for mileage allowance should not accrue until the railroad has denied the claim.

Defendants argue that a claim for non-payment of mileage allowances should be found to accrue upon delivery or tender of delivery under 49 U.S.C. 11705(g) because, they assert, a mileage allowance payment "relates to the shipment of property."[3] The purpose of section 11705(g), however, is to fix one date on which causes of action between a shipper and a carrier with respect to a specific shipment accrue. Fixing one date prevents a situation where one party's claim arising out of a specific shipment would be time barred but the other party's claim would not. See Pennsylvania R.R. v. Carolina Portland Cement Co., 16 F.2d 760, 761 (4th Cir. 1927). This approach makes sense for claims of the type that are known at or shortly after the time of delivery, such as freight charges and demurrage, and thus these are the types of claims to which section 11705(g) historically has been found to apply. Indeed, the cases cited by Defendants in support of their argument that section 11705(g) should apply here (Conrail Reply at 6-8; Springfield Terminal Reply at 5-6) all deal with demurrage claims.

---

[3] Section 10705(g) provides:

A claim related to a shipment of property accrues under this section on delivery or tender of delivery by the rail carrier.

STB Docket No. 42075

2. Is a railroad obligated to pay compensation only to the owner of a car's reporting mark, or does Item 180 of Tariff 6007 permit the owner of the mark to assign the right to payment to a lessee of a car?

Although rail carriers no longer "file" their tariffs with the government, Tariff 6007 is the product of a series of industry-wide negotiations that were intended to resolve long-standing disputes about private tank car mileage allowances. In 1986, the Board's predecessor agency, the Interstate Commerce Commission (ICC), found that the most recent of these negotiated agreements is consistent with applicable statutory requirements and adopted (or "prescribed") it. Thus, the negotiated agreement has regulatory effect. See Investigation of Tank Car Allowance System, 3 I.C.C.2d 196 (1986), supplemented, 7 I.C.C.2d 645 (1991). Although Tariff 6007 corresponds to the terms of the negotiated agreement that the ICC had prescribed, and although railroads that are signatories to Tariff 6007 are bound by its terms, many of the detailed administrative provisions of Tariff 6007 are not part of the negotiated agreement the ICC prescribed (set out at 3 I.C.C.2d 204-11).

The reporting marks on a private tank car govern to whom railroads should make mileage allowance payments. The owner of the car is not necessarily the person or company to whom the reporting marks are assigned. Tariff 6007, Item 180(1), makes clear that reporting marks can be assigned either to a car's owner or to a lessee ("Upon written application reporting marks will be assigned to car owner or lessee. . ."). Item 180(3)(A) further provides that assigned reporting marks are to be submitted to The Official Railway Equipment Register for publication.[5] Thus Tariff 6007, by its terms, permits assignment of the right to receive mileage allowance payments to a lessee.

Apparently Engelhard did not always follow all of the instructions of Tariff 6007 with regard to notification. But it asserts that the fact that it has pursued claims for unpaid mileage allowances with Defendants over the years, and that Defendants have sometimes paid allowances as a result, indicates that the parties had agreed that literal compliance with Item 180 of Tariff 6007 was not necessary. If Engelhard can make a convincing showing that the parties did indeed have such an understanding, that

---

[5] Tariff 6007, Item 180(3)(A) is as follows:

3. Mileage allowance for the use of tank cars will be paid only to the person or company at a single address, to whom the reporting marks are assigned provided cars are properly equipped and marked with the assigned reporting marks and car number, and providing [sic] further that:
A.    The marked capacities and assigned reporting marks are properly submitted, not later than the date of the installations of cars in service, to The Official Railway Equipment Register for publication in the next succeeding issue.

. . .

-6-

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Springfield Terminal Railway Company

## DEFENDANTS
United States Surface Transportation Board and The United States of America

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Robert B. Culliford     (978) 663-1029
Iron Horse Park
N. Billerica, MA 01862

ATTORNEYS (IF KNOWN)

04 - 12705 RGS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☒ 450 Commerce/ICC Rates, etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Review of Surface Transportation Board Order.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE  R. G. Stearns       DOCKET NUMBER  01-10829-RGS

DATE  December 27, 2004
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Springfield Terminal Railway Company v. United States Surface Transportation Board, et al__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___  II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730, 740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

    X    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    ___  V.    150, 152, 153.

    04-12705 RGS

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).

    ~~Englehard Corp. v. Springfield Terminal Railway Co. an~~d Consolidated Rail Corp. Civil Action No. 01-10829-RGS

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT? ~~Yes~~

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? __No__
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? __No__

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES __No__ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES __No__

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES __No__ (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? __N/A__

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? __Eastern__

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION __No__ OR WESTERN SECTION __No__

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Robert B. Culliford__
ADDRESS __Iron Horse Park, North Billerica, MA 01862__
TELEPHONE NO. __(978) 663-1029__

(Category.frm - 09/92)