UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SPRINGFIELD TERMINAL RAILWAY COMPANY,<br><br>Petitioner,<br><br>-v.-<br><br>UNITED STATES SURFACE TRANSPORTATION BOARD and THE UNITED STATES OF AMERICA,<br><br>Defendants. | CA No. 04-12705-RGS<br>Judge Richard G. Stearns |

**PETITIONER'S UNOPPOSED**
**MOTION FOR LEAVE TO FILE A REPLY BRIEF**

Petitioner Springfield Terminal Railway Co. ("Springfield"), by counsel, hereby files this unopposed motion for leave to file a Reply Brief in support of its Petition for Review of an order by the Surface Transportation Board. As grounds therefor, Springfield refers the Court to the attached Memorandum of Reasons. The Reply Brief that Springfield wishes to file is also attached. Respondents do not oppose the filing of Springfield's Reply Brief.

WHEREFORE, for these and such other reasons as may appear just to the Court, Springfield requests that this Unopposed Motion for Leave to File a Reply Brief be granted.

Respectfully submitted,

/s/ **Eric L. Hirschhorn**
Anne W. Stukes
Winston & Strawn LLP
1700 K Street NW
Washington DC 20006
Tel. 202-282-5706 (fax 202- 282-5100)
E-mail: ehirschhorn@winston.com

                                          Robert B. Culliford
                                          BBO #638468
                                          Springfield Terminal Railway Company
                                          Iron Horse Park
                                          North Billerica, MA 01862
                                          Tel. 603-766-2002 (fax 603-766-2094)
                                          E-mail: rculliford@flypanam.com

Dated: May 5, 2006                    *Counsel for Petitioner Springfield Terminal Railway Company*

### Local Rule 7.1(a)(2) Certification

Pursuant to Local Rule 7.1(a)(2), I hereby certify that I conferred with counsel for Respondents and am authorized to state that Respondents do not oppose the relief sought in this motion.                                                     /s/ Anne W. Stukes

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2006, I served the foregoing Motion for Leave to File Reply Brief, Memorandum of Reasons, and attached Reply Brief on the party listed below by using the Court's electronic filing system:

    Jeffrey Mark Cohen
    Assistant U.S. Attorney
    United States Attorney's Office
    One Courthouse Way, Suite 9200
    Boston, MA  02210
    Tel. 617-748-3626 (fax 617-748-3969)
    E-mail: jeffrey.cohen@usdoj.gov

    *Counsel for the United States of America*

I further certify that on May 5, 2006, I served the foregoing Motion for Leave to File Reply Brief, Memorandum of Reasons, and attached Reply Brief on the party listed below by hand delivery:

    Scott M. Zimmerman
    Trial Attorney
    Surface Transportation Board
    Office of General Counsel
    1925 K Street, N.W.
    Washington, DC  20423

    *Of Counsel for the Surface Transportation Board*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
SPRINGFIELD TERMINAL RAILWAY        )
COMPANY,                            )
                                    )
                                    )
            Petitioner,             )
                                    )
        -v.-                        )   CA No. 04-12705-RGS
                                    )   Judge Richard G. Stearns
UNITED STATES SURFACE               )
TRANSPORTATION BOARD and THE        )
UNITED STATES OF AMERICA,           )
                                    )
            Defendants.             )
_____ )

**MEMORANDUM OF REASONS IN SUPPORT OF PETITIONER'S
UNOPPOSED MOTION FOR LEAVE TO FILE A REPLY BRIEF**

The Court has inherent discretion to permit the filing of reply briefs. *See Clawans v. District of Columbia*, 89 F.2d 802, 803 (D.C. Cir. 1937); *see also Homedical, Inc. v. SARNs/3M Health Care, Inc.*, 875 F. Supp. 947, 948 (D.P.R. 1995). Factors to be considered include the benefit to the court and the prejudice, if any, to the opposing party. *Homedical*, 875 F. Supp. at 948. Allowing Springfield to file a responsive brief will assist the Court by enabling it to consider Springfield's responses to arguments Respondents raised in opposition to Springfield's Petition for Review. Furthermore, Respondents will not be prejudiced by the filing of the reply brief, as Respondents have stated that they do not oppose its filing.

Springfield has not delayed in seeking leave to file a reply brief. This brief is submitted on May 5, 2006, the fourth business day after receipt of Respondents' brief. This is a shorter time than the normal 14-day period for filing opposition briefs.

For the foregoing reasons, Springfield requests that its Unopposed Motion for Leave to File a Reply brief be granted.

        Respectfully submitted,


/s/ **Eric L. Hirschhorn**
Anne W. Stukes
Winston & Strawn LLP
1700 K Street NW
Washington DC 20006
Tel. 202-282-5706 (fax 202- 282-5100)
E-mail: ehirschhorn@winston.com

Robert B. Culliford
BBO #638468
Springfield Terminal Railway Company
Iron Horse Park
North Billerica, MA  01862
Tel. 603-766-2002 (fax 603-766-2094)
E-mail: rculliford@flypanam.com

*Counsel for Petitioner Springfield Terminal Railway Company*

May 5, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SPRINGFIELD TERMINAL RAILWAY COMPANY, | ) ) ) ) | |
| Petitioner, | ) ) ) | |
| -v.- | ) ) | CA No. 04-12705-RGS |
| UNITED STATES SURFACE TRANSPORTATION BOARD and THE UNITED STATES OF AMERICA, | ) ) ) ) ) | Judge Richard G. Stearns |
| Defendants. | ) ) | |

**REPLY BRIEF OF PETITIONER
SPRINGFIELD TERMINAL RAILWAY COMPANY**

On Petition for Review from a Decision of the
Surface Transportation Board
STB Docket No. 42075

ORAL ARGUMENT REQUESTED

Eric L. Hirschhorn
Anne W. Stukes
Winston & Strawn LLP
1700 K Street NW
Washington DC 20006
Tel. 202-282-5706 (fax 202- 282-5100)
E-mail: ehirschhorn@winston.com

Robert B. Culliford, BBO #638468
Pan Am Systems, Inc.
Pease International Tradeport
14 Aviation Avenue
Manchester NH 03801
Tel. 603-766-2002 (fax 603-766-2094)
E-mail: rculliford@flypanam.com
*Counsel for Petitioner Springfield Terminal Railway Company*

May 5, 2006

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................... 1

ARGUMENT ....................................................................................................................................... 1

CONCLUSION .................................................................................................................................... 6

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Arnold v. United Parcel Service, Inc.*, 136 F.3d 854 (1st Cir. 1998)...............................................2

*Atchison, Topeka & S. F. Ry. Co. v. I.C.C.*, 851 F.2d 1432 (D.C. Cir. 1988) ..............................3, 5

*Barnett Bank of Marion County, N.A. v. Nelson*, 517 U.S. 25 (1996)...............................................3

*Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*,
    467 U.S. 837 (1984)...............................................................................................................1, 2, 3

*Chicago, R.I. & P. Ry. Co. v. Petroleum Refining Co.*, 39 F.2d 629
    (E.D. Ky. 1930)..............................................................................................................................4

*Friends of the Earth, Inc. v. E.P.A.*, __ F.3d __, 2006 WL. 1071660
    (D.C. Cir. Apr. 25, 2006).....................................................................................................2, 3, 5, 6

*General Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581 (2004)....................................................2

*I.N.S. v. Cardoza-Fonseca*, 480 U.S. 421 (1987) .............................................................................2

*Morales v. Trans World Airlines, Inc.*, 504 U.S. 374 (1992)............................................................3

*Sierra Club v. E.P.A.*, 294 F.3d 155 (D.C. Cir. 2002) ......................................................................3

*Skidgel v. Maine Dept. of Human Servs.*, 994 F.2d 930 (1st Cir. 1993)...........................................2

*South Omaha Terminal Ry. Co. v. Armour & Co., Inc.*, 373 F. Supp. 641 (D. Neb. 1974) .............4

## FEDERAL STATUTES

49 U.S.C. § 11705(g) ................................................................................................................ *passim*

## INTRODUCTION

Petitioner, Springfield Terminal Railway ("Springfield"), respectfully submits this reply to Respondents' brief on the merits of the petition for review. The fundamental question in this case is whether the Surface Transportation Board's ("STB") September 27, 2004 decision withstands scrutiny under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). In short, it does not, for Step One of the *Chevron* test requires that the unambiguous language of 49 U.S.C. § 11705(g) be given effect. That statute provides that "[a] claim related to a shipment of property accrues . . . on delivery or tender of delivery by the rail carrier." 49 U.S.C. § 11705(g) (2000). The broadly worded statute supplies the answer to the specific question at issue here—when does a claim for loaded rail car mileage accrue?—because rail car mileage, which is paid only on loaded cars, is "related to" a shipment of property within the plain meaning of the statute.

Respondents, the United States and the STB, claim that § 11705(g) is ambiguous because it does not expressly state that claims for car mileage are claims "related to a shipment of property." Respondents thus assert that the plain language of the statute should be cast aside in favor of the STB's understanding—unsupported, in the decision under review, by a single citation of authority, *see* JA 537—of "[h]istorical industry practice" about when a claim for mileage accrues. As demonstrated in Springfield's opening brief and in this reply, however, *Chevron* does not permit the agency to substitute its understanding or policy preferences for Congress' mandate.

## ARGUMENT

While acknowledging that *Chevron* provides the framework for this Court's review, Respondents cast Step One of *Chevron* as a test that is all but impossible to satisfy. Respondents

appear to contend that deference is due to an agency's interpretation of a statute—regardless of the statute's plain meaning—unless it is clear that the statute contemplated the "precise" or exact factual circumstance of the case presented. Respondents' Br. at 12-13. Respondents' overly narrow characterization of *Chevron* Step One would render judicial review meaningless and accord virtually unlimited deference to the agency. Taken to its logical conclusion, Respondents' argument would require that Congress list every conceivable "claim related to a shipment of property" before any such claim(s) would accrue "on delivery or tender of delivery by the rail carrier," as the statute plainly provides. *See* 49 U.S.C. § 11705(g) (2000).

The First Circuit has never adopted such a stringent view of *Chevron* Step One, however. As that court has stated, "we do not take the [*Chevron*] command to mean that Congress must anticipate all of the possible scenarios that might arise under a statute." *Skidgel v. Maine Dept. of Human Servs.*, 994 F.2d 930, 941 (1st Cir. 1993);[1] *see also Friends of the Earth, Inc. v. E.P.A.*, __ F.3d __, 2006 WL 1071660, *3 (D.C. Cir. Apr. 25, 2006) ("we have never held that Congress must repeat itself or use extraneous words before we acknowledge its unambiguous intent"). Step One of *Chevron* is nothing more than "a pure question of statutory construction," involving "traditional tools of statutory construction." *I.N.S. v. Cardoza-Fonseca*, 480 U.S. 421, 446 (1987); *see also General Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581, 600 (2004) ("Even for an agency able to claim all the authority possible under *Chevron*, deference to its statutory interpretation is called for only when the devices of judicial construction have been tried and found to yield no clear sense of congressional intent.").

The first rule of statutory construction, of course, is that statutes are to be interpreted according to their plain meaning. *See generally Arnold v. United Parcel Service, Inc.*, 136 F.3d

---

[1] The *Skidgel* court ultimately deferred to the agency in this case because it found ambiguity and conflicting statutory provisions. *Skidgel*, 994 F.2d at 941.

2

854, 858 (1st Cir. 1998) ("The plain meaning of a statute's text must be given effect 'unless it would produce an absurd result or one manifestly at odds with the statute's intended effect.'") (quoting *Parisi by Cooney v. Chater*, 69 F.3d 614, 617 (1st Cir. 1995)). After all, "[t]he most reliable guide to congressional intent is the legislation that Congress enacted." *Friends of the Earth, Inc. v. E.P.A.*, __ F.3d __, 2006 WL 1071660, *4 (D.C. Cir. April 25, 2006) (quoting *Sierra Club v. E.P.A.*, 294 F.3d 155, 161 (D.C. Cir. 2002)). The Court cannot "set aside a statute's plain language simply because the agency thinks it leads to undesirable consequences in some applications." *Id.*

Here, 49 U.S.C. § 11705(g) means exactly what it says—any "claim related to a shipment of property accrues . . . on delivery or tender of delivery by the rail carrier." The statute "specifically prescribes" when a claim accrues, and "Congress deliberately did not leave the definition of accrual to judicial or administrative elaboration." *Atchison, Topeka & S. F. Ry. Co. v. I.C.C.*, 851 F.2d 1432, 1435 (D.C. Cir. 1988) (finding predecessor to § 11705(g) applicable even where the right to sue was unclear at the time of delivery).

A claim for loaded rail car mileage, as is at issue in this case, is "related to" a shipment of property, because the phrase "related to" is interpreted broadly. *Barnett Bank of Marion County, N.A. v. Nelson*, 517 U.S. 25, 38 (1996); *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383-84 (1992). In the circumstances at issue here, mileage charges are incurred in no way other than "related to" shipments of property. Respondents argue that the broad construction of "related to" in *Barnett* and *Morales* cannot apply here because those cases do not involve § 11705(g) or *Chevron*. Respondents' Br. at 14. But these distinctions matter not because the Court's task turns upon construing the plain meaning of the words employed, and other instances of construing the same words, even in different statutes, are instructive. *See Morales*,

3

504 U.S. at 384 (according the same meaning of "relating to" in the Airline Deregulation Act (ADA) as the words "relate to" in the Employee Retirement Income Security Act of 1974 (ERISA), reasoning, "[s]ince the relevant ["relating to"] language of the ADA is identical [to that in ERISA], we think it appropriate to adopt the same standard here.").

Respondents next echo the STB's finding that mileage charges for the use of loaded rail cars cannot be "related to a shipment of property," even though for decades, courts have held that storage and demurrage charges for rail cars are indeed related to a shipment of property within the meaning of 49 U.S.C. § 11705(g). *See* Respondents' Br. at 17-18 & n.15. Aside from repeating the STB's own *ipse dixit* that demurrage charges are distinct from mileage charges, and avoiding the fact that both demurrage and mileage charges arise directly from the use of rail cars for the shipment of property, Respondents have little to say. The lone decision they cite for the proposition that mileage charges do not fall within § 11705(g) relates to charges for *empty* cars, which are not an issue here. *See* Respondents' Br. at 14 n. 11 (citing *Chicago, R.I. & P. Ry. Co. v. Petroleum Refining Co.*, 39 F.2d 629, 631 (E.D. Ky. 1930)).[2] The issue there was whether the shipment of an empty car is related to a "shipment of property." Here, of course, the issue is whether the shipment of a *full* car is related to a shipment of property. *See* 49 U.S.C. § 11705(g) (2000).

Moreover, Respondents' reliance on legislative history and argument that § 11705(g) was meant to apply only to claims between carriers and shippers, *see* Respondents' Br. at 15-16, is belied, again, by the plain language of the statute. Section 11705 is not limited to disputes between shippers and carriers, but establishes the limitations periods for *all* actions under the rail

---

[2] The *Chicago, R.I. & P.* decision has not been cited in a single reported federal decision since it was decided seventy-six years ago. Other courts have held more recently that the predecessor to § 11705(g) does indeed apply to demurrage charges on *empty* rail cars. *South Omaha Terminal Ry. Co. v. Armour & Co., Inc.*, 373 F. Supp. 641, 644 (D. Neb. 1974) (applying statute to demurrage accrual on empty cars).

4

provisions of the Interstate Commerce Act, including—as this Court already has held in terms of ascertaining the length of the limitation period—this action. Similarly, Subsection (g) is a provision of broad, general application to *any* "claim related to a shipment of property," without limitation or qualification. Had Congress intended to limit the provision to claims between carriers and shippers, it easily could have done so. It did not.

Respondents also extol the virtues of the dispute resolution procedures under Tariff 6007, and the policy reasons that those procedures should override the statute's mandate that claims accrue "on delivery or tender of delivery by the rail carrier." Respondents' Br. at 18-23. But the agency is not permitted to "erode the principle of prompt complaint underlying statutes of limitations" by disregarding § 11705(g). *Atchison, Topeka & S. F. Ry. Co*, 851 F.2d at 1439; *see id.* at 1437 (finding I.C.C.'s action that "effectively set aside" the predecessor to § 11705(g) was "unwarranted" and had "no basis"). A statute's plain meaning must be given effect, notwithstanding an agency's policy preferences to the contrary. A recent decision from the D.C. Circuit illustrates this point. In *Friends of the Earth, Inc. v. E.P.A.*, __ F.3d __, 2006 WL 1071660 (D.C. Cir. April 25, 2006), the D.C. Circuit considered the Environmental Protection Agency's interpretation of the Clean Water Act's requirement of a limit on the "total maximum daily loads" of pollutants into already polluted waters. Contrary to the statute's explicit requirement of "daily" limits on pollutants, the agency had allowed the pollutants to be measured on an "annual" and "seasonal" basis instead, citing policy considerations. The D.C. Circuit ordered the EPA's action vacated, finding that the agency "may not 'avoid the Congressional intent clearly expressed in the text simply by asserting that its preferred approach would be a better policy.'" *Id.* at *4 (quoting *Engine Mfrs. Ass'n v. E.P.A.*, 88 F.3d 1075, 1089 (D.C. Cir. 1996)). The same reasoning applies here. Whereas in *Friends of the Earth*, "[d]aily means

daily, nothing else," *id.* at *1, here, "on delivery or tender of delivery" means delivery or tender, and nothing else, 49 U.S.C. § 11705(g), and "related to a shipment of property" similarly means what it says. The statute sets forth when a claim accrues, and the STB's contrary interpretation should not stand.

## CONCLUSION

For the reasons set out in Springfield's opening brief and above, a cause of action involving a disputed failure to pay Tariff 6007 car mileage allowances accrues when each car is delivered to the consignee. 49 U.S.C. § 11705(g) (2000).[3] Accordingly, the STB's contrary decision should be vacated.[4]

Respectfully submitted,

/s/ **Eric L. Hirschhorn**
Anne W. Stukes
Winston & Strawn LLP
1700 K Street NW
Washington DC 20006
Tel. 202-282-5706 (fax 202- 282-5100)
E-mail: ehirschhorn@winston.com

Robert B. Culliford
BBO #638468
Springfield Terminal Railway Company
Iron Horse Park
North Billerica, MA 01862
Tel. 603-766-2002 (fax 603-766-2094)
E-mail: rculliford@flypanam.com

*Counsel for Petitioner Springfield Terminal Railway Company*

May 5, 2006

---

[3] If delivery is not effected (not an issue in this action), the cause of action accrues upon tender of delivery. 49 U.S.C. § 11705(g) (2000).

[4] As noted in the Brief for Petitioner, no remand to the STB is required.

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2006, I served the foregoing Reply Brief on the party listed below by using the Court's electronic filing system:

Jeffrey Mark Cohen
Assistant U.S. Attorney
United States Attorney's Office
One Courthouse Way, Suite 9200
Boston, MA  02210
Tel. 617-748-3626 (fax 617-748-3969)
E-mail: jeffrey.cohen@usdoj.gov

*Counsel for the United States of America*


I hereby certify that on May 5, 2006, I served the foregoing Reply Brief on the party listed below by hand delivery:

Scott M. Zimmerman
Trial Attorney
Surface Transportation Board
Office of General Counsel
1925 K Street, N.W.
Washington, DC  20423

*Of Counsel for the Surface Transportation Board*


/s/ Gale M. Stieler

7